## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JENNIFER JONES-MORGAN,

    Plaintiff,

v.                                                   Case No: 8:16-cv-1519-CEH-AEP

JP MORGAN CHASE BANK,

    Defendant.
_____

## ORDER

    Before the Court is Plaintiff Jennifer Jones-Morgan's Motion to Lift the Stay and Reopen the Case (Doc. 56) and Defendant JP Morgan Chase Bank's Opposed Motion to Dismiss for Failure to Prosecute and Response in Opposition to Plaintiff's Motion to Reopen Case (Doc. 60). Plaintiff did not respond to Defendant's Motion to Dismiss for Failure to Prosecute. Upon review and consideration, the Court will deny Plaintiff's motion to lift the stay and reopen the case and grant Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b).

## BACKGROUND

    This is an employment discrimination lawsuit, initially filed on June 13, 2016, and amended multiple times. Docs. 1, 9, 31, 47. The operative complaint at the time this case was stayed on November 3, 2017 (Doc. 47) brings one count for disparate treatment (sex-based and race-based) under 42 U.S.C. § 2000e, and Florida common law, and one count for retaliation under 42 U.S.C. § 2000e-3(a). *See id.* Defendant

moved to dismiss the complaint for failing to cure certain pleading deficiencies set out in the Court's previous orders granting Motions to Dismiss. Doc. 50. The Court denied Plaintiff's request for an extension of time to respond to that motion to dismiss, and she ultimately failed to respond, leaving the motion to dismiss unrebutted. Docs. 51, 53.

Prior to the filing of Plaintiff's response to the Motion to Dismiss, Defendant moved to stay the case, to which Plaintiff responded, after being ordered to do so by the Court. Docs. 46, 52. Defendant requested the stay after postponing Plaintiff's deposition due to her medical issues. The Court granted-in-part Defendant's request for a stay on November 3, 2017, noting that the action would be administratively closed, that any party could lift or extend the stay for good cause, and that it intended to lift the stay after the expiration of 90 days. Doc. 55. There was no subsequent activity in this matter until Plaintiff filed a motion to reopen the case on April 15, 2023. Doc. 56.

According to Defendant, however, in February 2020 (three years after the case was stayed), Plaintiff's counsel contacted Defendant's counsel, noting that Plaintiff intended to re-open the case because her long-term disability benefits were going to terminate. Doc. 60-2 ¶ 7. Defendant's counsel states that neither Plaintiff's medical condition nor her inability to participate in the litigation were mentioned at the time. *Id.* After this exchange, Plaintiff's counsel made no effort to reopen or otherwise prosecute the case.

Over three years later, on March 21, 2023, counsel for Defendant approached Plaintiff's counsel to ask whether he would agree to file a joint stipulation of dismissal to close this matter. *Id.* ¶ 8. Plaintiff's counsel declined and instead, three weeks later, filed a motion to lift the stay and re-open the case. Doc. 56.

*Plaintiff's Disability Leave, Long-Term Disability Claims, and Participation in Other Proceedings*

During the five years that this case sat dormant, Plaintiff actively participated in several other activities and proceedings related to her disability leave, long-term disability claims, and other unrelated proceedings. This is explained and supported with evidence by defense counsel. *See* Doc. 60 at 6–10.

First, following the approval of Plaintiff's long-term disability benefits in February 2018, Plaintiff periodically submitted updated medical information to her benefits provider regarding her health and treatment. This included communication via telephone for the purposes of disputing the temporary cessation of her benefits for failure to provide certain information. *See* Doc. 60-3 ¶ 8 and Doc. 60-3 at 7–12; 25–34. Specifically, Plaintiff spoke with Prudential regarding her claim on sixteen different occasions in 2018 and 2019 and submitted documentation relating to her activities of daily living. *See* Doc. 60 at 7 n.2. Plaintiff also communicated with Defendant's human resources team regarding her updated marital status and recent divorce decree, as well as her long-term disability leave. Doc. 60-1 ¶ 9; Doc. 60-3 ¶ 9.

Further, Plaintiff actively participated in her appeal of Prudential's termination of long-term disability benefits, including by providing Prudential with documents and

information. Doc. 60-3 at 1, 8–13, 50. Plaintiff has since continued to communicate with Prudential and provide information about her medical status and activities of daily living since her appeal was granted in October 2020. Doc. 60-3 at 8–13. Additionally, Plaintiff participated in divorce proceedings in a Florida State Court in 2019, bought property in Montgomery, Alabama in August 2022, and appears to now reside there. Doc. 60-2 at 5, 10.

*Defendant JPMorgan Chase Bank's Re-Organization*

Defendant provided a declaration in support of its argument that the lengthy delay in this matter has caused it substantial prejudice. *See* Doc. 60-1. Specifically, as declared by Defendant, JPMorgan Chase exited the corporate (private) prepaid card business, in which Plaintiff was employed, between 2015 and 2018. Doc. 60 at 10; Doc. 60-1 at 3. Therefore, at least eight individuals who worked with Morgan and had knowledge of the allegations raised in her various complaints (based on Defendant's initial disclosures) are no longer employed by Defendant. Doc. 60 at 10–11.

*The Instant Motions (Docs. 59, 60)*

According to Plaintiff's motion, she is "currently physically, mentally, and emotionally able to assist her attorney in resuming litigation." Doc. 56 ¶ 2. A sworn and notarized affidavit is also attached. Doc. 56-1[1]. Plaintiff indicates that she was

---

[1] Plaintiff's affidavit states that it provides her "personal assessment of [her] health" and describes her current health treatment and the fact that she "will be able to sit for depositions as well as other legal proceedings which require my attention." Doc. 56-1. The affidavit does not include any more specific information or evidence of her condition, treatment, or ability to participate in litigation over the past five years.

4

previously "incapable of providing any assistance on her case as a result of the effects of cancer and treatments," and has not worked since October 2017. Doc. 56 at 2. Plaintiff argues that good cause exists to reopen the case considering her improved condition and a lack of prejudice to Defendant. *Id.* ¶ 5. She also notes that neither party moved the Court to lift or extend the stay after November 2017, and that Defendant did not move to dismiss. *Id.* ¶ 6. Defendant responds in opposition to Plaintiff's motion and moves to dismiss the case pursuant to Fed. R. Civ. P. 41(b) based on Plaintiff's failure to prosecute. *See* Doc. 60.

## DISCUSSION

Courts have broad discretion to manage their own dockets. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Moreover, Federal Rule of Civil Procedure 41(b) provides that, if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits."  Middle District of Florida Local Rule 3.10 further provides that a "plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay." In addition, a district court may, *sua sponte*, "dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Link v. Wabash RR. Co.,* 370 U.S. 626, 632 (1962)

Additionally, the Eleventh Circuit and district courts within the Circuit have upheld or exercised their discretion to dismiss cases for lack of prosecution where a

5

plaintiff allowed a case to lie dormant. *See, e.g., Taylor v. Augusta-Richmond Cty. Consol. Comm'rs,* 618 F. App'x 651, 651 (11th Cir. 2015) (finding dismissal for failure to prosecute appropriate where plaintiff failed to comply with court order to respond to a motion, despite the court granting a *sua sponte* extension of time to plaintiff); *Gratton v. Great Am. Commc'n,* 178 F.3d 1373, 1375 (11th Cir. 1999) (finding no abuse of discretion where Court dismissed Title VII case for Plaintiff's flouting of discovery rules and ignoring court orders); *Morales v. Berryhill,* 2021 WL 4295399, at *1 (S.D. Fla. Aug. 12, 2021) (recommending dismissal for failure to prosecute where plaintiff took no action for more than three years), *adopted by* 2021 WL 4290901; *Hayward v. SSP Am., Inc.,* 2012 WL 2814160, at * 2–3 (M.D. Fla. Jun. 22, 2012) (recommending dismissal where plaintiff stopped participating for eighteen months and failed to cooperate in discovery), *adopted by* 2012 WL 28114135.[2]

    Here, the Court agrees that—although it is a severe sanction—dismissal pursuant to Federal Rule of Civil Procedure 41(b) is appropriate. As Defendant notes, a Rule 41(b) dismissal is appropriate "where there is a clear record of delay or willful contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Graham v. Prof'l Adjustment Corp.,* 2012 WL 13134585, *1 (M.D. Fla. Jan. 5, 2012). In *Graham,* the court recommended dismissal where plaintiff failed to establish cause for her complete lack of interest in participating in the prosecution of her claim or her

---

[2] Defendant also cites to numerous other cases, most of which are out-of-circuit, where federal courts have dismissed or affirmed dismissal for failure to prosecute based on a Plaintiff failing to prosecute a case for five or fewer years. Doc. 60 at 13–14.

6

failure to follow prior court directives, and the court was not satisfied that another order directing plaintiff's participation would result in advancement of the case. The Court found that "[t]o recommend otherwise would unnecessarily waste court resources, extend the undue delay, and inappropriately approve of Plaintiff's conduct." *Id.*

Based on Plaintiff's failure to prosecute for over five years, together with her bare-bones motion to reopen and failure to provide a satisfactory explanation or evidence related to the delay, dismissal of this case is appropriate here. First, the docket is replete with examples of Plaintiff's repeated delays and failure to follow orders. Most importantly, there is the five-year-delay between the stay of this case and Plaintiff's motion to reopen it. In that time, Plaintiff failed to provide any status updates or file anything else on the docket. Additionally, this was not the first delay in the case, as the Court previously ordered Plaintiff to show cause for lack of prosecution (Doc. 19), and Defendant was forced to seek a stay in this matter to avoid prejudice (because Plaintiff could not sit for her deposition.) Doc. 46. Further, Plaintiff's counsel failed to respond to the motion for a stay until ordered to do so by this Court. Docs. 52, 54. And pending that motion, Plaintiff failed to respond to Defendant's motion to dismiss her Third Amended Complaint.[3] Then, once the case had been stayed, as Defendant describes, "[Plaintiff] and her counsel simply failed to prosecute the case or advance it toward resolution in *any* manner in over five years." Doc. 60 at 16.

---

[3] Plaintiff also failed to respond to the instant motion to dismiss for lack of prosecution.

7

Defendant's thorough recap of Plaintiff's participation in other legal and non-legal matters over the past five years is not the only evidence that casts doubt on Plaintiff's explanation for the delay and her claimed inability to participate. As reflected in the record before this Court, in February 2020, Plaintiff's counsel suggested to defense counsel that he would re-open the case. However, no mention was made at this time that Plaintiff was medically unable to participate in the litigation or hindered by her condition in any way. Doc. 60-2 at 4–5. And notwithstanding this interaction, Plaintiff made no other efforts to prosecute this case in the next three years.

Finally, the Court agrees with Defendant that Plaintiff's scant and unsupported motion to reopen the case fails to show good cause or justify her inaction in the case for over five years. Although Plaintiff says she was previously unable to assist in the case, and that these circumstances have now changed (Docs. 56 at 2; 56-1), she provides no evidence. Moreover, even her notarized statement, a short "personal assessment" of her own health condition, lacks any substantive explanation of why she was unable to participate in this litigation in any manner for the last five years. This is despite the fact that, as Defendant points out, Plaintiff participated in divorce proceedings in Florida state court in 2019, moved to Alabama and purchased property there in 2022, and has been very active in pursuing her disability benefits.

Moreover, Plaintiff's motion includes a conclusory statement that "Defendant has not been prejudiced" by the lengthy delay. Doc. 56 ¶ 5. To the contrary, Defendant has clearly established prejudice. Defendant's submissions explain in depth (and cite to evidence for) its argument for why it would be prejudiced by the reopening of this

case, given not only the length of time that has passed, but also the fact that none of the ten individuals identified as likely to have information relevant to its defenses still works for Defendant. The Court agrees that this evidence establishes prejudice and credits Defendant's argument that prejudice commonly ensues after such a lengthy delay due to the dimming of witnesses' memories or the irretrievable loss of evidence.

Finally, Plaintiff's contention that the case should not be dismissed because "neither Plaintiff nor Defendant moved the Court to Lift the Stay or Extend the Stay . . . [and] Defendant did not move to Dismiss this matter at any time" is unpersuasive. Doc. 56 ¶ 3. Although it is true that Defendant did not move for dismissal after the Court entered a stay, a Motion to Dismiss the Third Amended Complaint was pending at that time, which Defendant had not responded to. This argument highlights Plaintiff's apparent (and incorrect) belief that it is the burden of a defendant to prosecute a case, rather than a plaintiff. This position is not supported by any authority.

In sum, even before the case was stayed in 2017, Plaintiff repeatedly failed to prosecute or file pleadings in a timely manner. Once the case was stayed, nearly five years passed without a single filing from Plaintiff or any update to the Court. Now, providing only a conclusory statement that she was unable to participate in the litigation, Plaintiff asks that this case be reopened. Plaintiff fails to provide any evidence establishing that she truly could not have participated in the case over the last five years. The Court has considered Plaintiff's obviously serious health issues. While they are unfortunate, they do not excuse Plaintiff from explaining her failure to

9

prosecute the case for over five years. This is especially so given the dearth of information Plaintiff provides, and the contradictory evidence submitted by Defendant showing that Plaintiff was in fact able to participate in a variety of proceedings in the past five years, including long-term disability benefits requests (and an appeal), a divorce, and a move and purchase of property. Additionally, Defendant clearly explains how it would be prejudiced if this case were reopened, including the fact that none of its listed employee-witnesses remain with the company. For these reasons, the Court finds that dismissal pursuant to Fed. R. Civ. P. 41(b) based on Plaintiff's failure to prosecute is appropriate.

Accordingly, it is **ORDERED**:

1. Plaintiff Jennifer Jones-Morgan's Motion to Lift the Stay and Reopen the Case (Doc. 56) is **DENIED**.

2. Defendant JP Morgan Chase Bank's Opposed Motion to Dismiss for Failure to Prosecute and Response in Opposition to Plaintiff's Motion to Reopen Case (Doc. 60) is **GRANTED.**

3. This case is **DISMISSED** for lack of prosecution pursuant to Fed. R. Civ. P. 41(b).

4. The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on February 27, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record